IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

2008 FEB 14  PM 4:49

| | |
|---|---|
| JONATHAN SMITH; STREAMLINE LOGISTICS, LLC; BETTY PADGETT and B & L EXPRESS, INC., Individually and on Behalf of Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GEORGIA ENERGY USA, LLC and GEORGIA PETRO USA, LLC,<br><br>Defendants. | **CV208-020**<br><br>Civil Action No. _____<br><br>**Complaint - Class Action** |

## CLASS ACTION COMPLAINT

**COME NOW** Jonathan Smith; Streamline Logistics, LLC; Betty Padgett and B&L Express, Inc., Individually and on behalf of others similarly situated, Plaintiffs in the above-styled action, and, pursuant to Fed. R. Civ. P. 23, file this Class Action Complaint against Defendants Georgia Energy USA, LLC and Georgia Petro USA, LLC, showing the following:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jonathan Smith is a citizen and resident of Georgia.

2. Plaintiff Streamline Logistics, LLC is a Georgia limited liability company engaged in the business of transporting goods.

3.      Plaintiff Betty Padgett is a resident of Georgia and an owner of Plaintiff B&L Express, Inc.

4.      Plaintiff B&L Express, Inc. is a Georgia corporation engaged in the business of transporting goods.

5.      Defendant Georgia Energy USA, LLC ("Georgia Energy") is a Georgia corporation and may be served with process through its registered agent, Biju Abraham, located at 491 St. Marys Road, St. Marys, Camden County, Georgia 31558.

6.      Defendant Georgia Petro USA, LLC ("Georgia Petro") is a Georgia corporation and may be served with process through its registered agent, Biju Abraham, located at 491 St. Marys Road, St. Marys, Camden County, Georgia 31558.

7.      This case has been brought as a class action whose proposed members will consist of citizens of many different states. Less than two-thirds of the proposed class will be citizens of Georgia.

8.      The damages suffered by the class, in the aggregate, will be in excess of 5 million dollars ($5,000,000.00).

9.      Jurisdiction and venue are proper in this Honorable Court.

**II.    CLASS DEFINITION AND CLASS ACTION ALLEGATIONS**

10.     Plaintiffs bring this action individually and on behalf of others similarly situated pursuant to Fed. R. Civ. P. 23(b)(1)(B) and (b)(3). The class of those individuals whom the Plaintiffs seek to represent is defined as follows:

> All persons or entities who purchased fuel from the Cisco Travel Plaza on Exit 1 off of Interstate 95 in Camden County, Georgia or from the Cisco Travel Plaza on Exit 6 off of Interstate 95 in Camden County, Georgia during the six (6) years preceding the filing of this Complaint and who received less fuel than indicated on the fuel pumps. Excluded from the class are those persons who hold or have held executive or legal positions with Defendants, the spouses or children of any such person, and any spouses or children of Plaintiffs' counsel.

11. The described class is anticipated several thousands of individuals and/or entities and is so numerous as to make it impractical to bring all such persons before the Court.

12. There are questions of law and fact common to the class. All of the class members paid for fuel purchased from the Exit 1 facility and/or the Exit 6 facility without knowledge that they were being shorted. Upon information and belief, the same amount of shortage occurred at all of the pumps at both locations.

13. The questions of fact expected to be common to the class include: a) whether Defendants fraudulently tampered with the fuel pumps at the Exit 1 and Exit 6 locations, b) whether Defendants fraudulently misrepresented to Plaintiffs and the class the amount of fuel they actually received, c) whether Defendants were negligent in the maintenance and/or operation of its pumps, and d) whether Defendants should be required to reimburse Plaintiffs and the members of the class for all amounts received for fuel it never dispensed.

14. Plaintiff Jonathan Smith has purchased unleaded fuel from the Exit 1 facility and/or the Exit 6 facility in the last four years. Plaintiffs Streamline Logistics,

Betty Padgett and B&L Express are all involved in the trucking industry and have reimbursed drivers who purchased fuel at the Exit 1 facility and/or the Exit 6 facility in the past four months. All of the named Plaintiffs have documentation evidencing their payments. The claims of the representative plaintiff are typical of the claims and defenses of the class.

15. The representative Plaintiffs will fairly and adequately protect the interests of the class. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudication with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

16. The prosecution of separate actions by individual members of the class would create a risk of adjudication with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or would impede their ability to protect their interests.

17. The questions of law or fact alleged in this Complaint predominate over any questions affecting only individual members.

18. A class action is superior to all other methods for the fair and efficient adjudication of this controversy.

19. The damages suffered by the class, in the aggregate, will be in excess of 5

million dollars ($5,000,000.00). This amount is based upon the fact that the two fuel facilities at issue in this case are very busy operations that provide fuel to a large number of customers. Many of these customers are tractor-trailer owners and/or drivers.

20. Maintaining this case as a class action is superior to other available methods for the fair efficient adjudication of this controversy in light of the fact that a) many of the individual claims of the class members will likely be relatively small, b) the relatively small size of many of the individual claims will likely deter the class members from seeking redress separately, c) many of the members of the class will have a relatively minor interest in controlling the prosecution of the case due to the relatively small size of their individual claims, d) there is no other litigation currently commenced involving the members of the proposed class, e) concentrating all of the claims of the proposed class members in the Southern District of Georgia is desirable since many class members will reside in the district, and f) due to the uniform and consistent nature of Defendants' conduct and the relative ease by which a class member's damages can be calculated, there should be no particular difficulties with managing this case as a class action.

21. The representatives of the class have no claims contrary or antagonistic to the class.

22. The representatives of the class have engaged and retained counsel competent and experienced in class actions and complex litigation.

### III.   FACTUAL ALLEGATIONS

23. Defendants own and/or operate two large retail fueling stations located along Interstate 95 in Georgia.

24. One such facility is located off of Exit 1 and the other is located off of Exit 6.

25. The aforementioned facilities sell gasoline, both diesel and unleaded, to the general motoring public.

26. Upon information and belief, these facilities also sell a significant volume of fuel for use in tractor-trailers.

27. The Georgia Department of Agriculture has recently performed an investigation of the pumps at the Exit 1 and Exit 6 fueling stations.

28. Upon information and belief, the department determined that all of the pumps at both locations were shorting customers by approximately 5%.

29. Plaintiffs are an individual and two trucking companies who have paid for fuel purchased at the aforementioned locations in the last six (6) years.

30. As a result of Defendants' negligence, misrepresentations and/or fraudulent conduct, Defendants obtained monies from Plaintiff and the class which Plaintiff and the class are legally entitled to recover.

### IV.  CAUSES OF ACTION

*Count I - Fraud/Negligent Misrepresentation*

31. Defendants fraudulently represented to Plaintiffs and the members of the

class that a gallon of fuel cost a certain amount.

32. In reality, the cost of fuel purchased by Plaintiffs and the members of the class was greater than represented due to the fact that the pumps were dispensing less fuel than indicated.

33. Defendants knowingly and fraudulently misinformed Plaintiffs and the members of the class regarding the cost per gallon of fuel in order to induce Plaintiffs and the class to purchase fuel from Defendants.

34. Plaintiffs and members of the class relied upon Defendants' fraudulent misrepresentations to their detriment.

35. Alternatively, Defendants should have known that the price per gallon that they represented to Plaintiffs and the class was incorrect.

36. As a proximate result of Defendants' conduct, Plaintiffs and the class have suffered injury.

*Count II - Negligence*

37. Defendants have negligently maintained the fuel pumps at their facilities so as to cause the pumps to incorrectly show that more gas had been dispensed that had actually been dispensed.

38. Such negligence has caused Plaintiffs and the class to pay for gas that they did not receive or, conversely, to pay more for the gas they did receive.

39. As a proximate result of Defendants' negligence, Plaintiffs and the class

have suffered harm.

### Count III - Money Had and Received

40. Defendants have received money which Plaintiffs and the class are entitled to recover and which the Defendants are not entitled in good conscience to retain.

### Count IV - Unjust Enrichment

41. By shorting Plaintiffs and the class on their fuel purchases, whether intentionally or negligently, Defendants have received payment for goods it did not actually provide.

42. Defendants have been unjustly enriched and should reimburse Plaintiffs and the class for such overpayments.

### Count V - Violation of Georgia's Uniform Deceptive Trade Practices Act

43. By misrepresenting the actual amount of fuel Plaintiffs the class purchased from Defendants, Defendants have violated Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372.

44. As a result of Defendants' violation of the aforementioned Act, Plaintiffs and the class have been harmed.

## V.     DAMAGES

45.    As a result Defendants' actions, Plaintiffs should be awarded compensatory damages in excess of 5 million dollars.

46.    As a result of Defendants' actions, Plaintiffs and the class should be awarded punitive damages to punish Defendants and deter Defendants from similar conduct in the future pursuant to O.C.G.A. § 51-12-5.1.

47.    The actions of the Defendants constitute bad faith, stubborn litigiousness and/or Defendants have caused Plaintiffs and the class unnecessary trouble and expense. Accordingly, pursuant to O.C.G.A. § 13-6-11, Plaintiffs and the class are entitled to attorneys' fees and expenses of litigation.

WHEREFORE, Plaintiffs pray for the following relief:

(a)    That summons and process issue and be served upon Defendants;

(b)    For a trial by a jury comprised of six persons;

(c)    That this Court certify the Plaintiff class as to Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 23;

(d)    That the Plaintiff class be awarded an appropriate sum to compensate them for their damages as allowed by law;

(e)    That the Plaintiff class recover punitive damages in an amount sufficient to punish and deter Defendants;

(f)    That the Plaintiff class recover attorney's fees and all costs of litigation; and

(g)     For such other and further relief as the Court deems just and proper.

This 14th day of February, 2008.

                                                Nathan T. Williams, Esq.
                                                Georgia Bar No. 142417

Clark & Williams, P.C.
#5 St. Andrews Court
Brunswick, Georgia 31520
(912) 264-0848
(912) 264-6299 fax


                                                C. Dorian Britt
                                                Georgia Bar No.  083259
                                                Jeremy S. McKenzie
                                                Georgia Bar No.  436655


SAVAGE, TURNER, PINSON & KARSMAN
304 East Bay Street
Savannah, Georgia  31412-10600
(912) 231-1140

## **PLAINTIFF'S ATTORNEYS**

Nathan T. Williams, Esq.
Georgia Bar No. 142417
Clark & Williams, P.C.
#5 St. Andrews Court
Brunswick, Georgia 31520
(912) 264-0848
(912) 264-6299 fax

C. Dorian Britt
Georgia Bar No. 083259
Jeremy S. McKenzie
Georgia Bar No. 436655
Savage, Turner, Pinson & Karsman
304 East Bay Street
Savannah, Georgia 31412-10600
(912) 231-1140