IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JONATHAN SMITH, et al.,       *
                              *
    Plaintiffs,               *
                              *
v.                            *      CV 208-020
                              *
GEORGIA ENERGY USA, LLC,      *
et al.,                       *
                              *
    Defendants.               *

O R D E R

This matter is now before the Court on Defendants' Motion to Disqualify Counsel. (Doc. 226). In this class action, Defendants are alleged to have miscalibrated fuel pumps beginning in 2005 at three gas stations in Camden County, Georgia, thereby defrauding consumers. In addition, in 2010, Class Counsel initiated two suits against Defendants in the State Court of Charlton County, Georgia, on behalf of two non-class member entities (the "Gowen entities") that either supplied fuel to or competed against Defendants' gas stations. On September 22, 2014, this Court held a telephonic status conference to discuss Defendants' motion in light of the advanced stage of this litigation and the substantially depleted

1

pool of funds from which both of Class Counsel's clients now seek relief.

Georgia Rule of Professional Conduct 1.7 mandates that "a lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client." GEORGIA RULES OF PROF'L CONDUCT R. 1.7. This rule applies with equal force to class actions, where counsel must at all times "fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(A)(iv); WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 3.75 (5th ed. 2011). Indeed, especially in "limited fund situations" when the recovery of one group inherently and directly conflicts with the recovery of the other, courts have found that class counsel cannot adequately represent two sets of claimants. See NEWBERG ON CLASS ACTIONS § 3.75 n.8 (listing cases); but see Sheftelman v. Jones, 667 F. Supp. 859, 865 (N.D. Ga. 1987) (holding that counsel's simultaneous representation of two classes pursuing relief against the same defendant did not create a conflict when the possibility that the defendant could not satisfy judgments in both cases was "very speculative").

The Court finds that Class Counsel's representation of the Gowen entities and their shareholders in the State Court of Charlton County falls squarely within the prohibition of Rule

2

1.7 and may threaten the vigor with which it must pursue fair and full relief for the class. As the Court determines that Class Counsel cannot continue to represent the class in this matter and the plaintiffs in the Charlton County State Court action, the Court hereby **DIRECTS** Class Counsel to file a notice with the Court addressing its plan to resolve the conflict identified in this Order no later than **5:00 PM** on **MONDAY, SEPTEMBER 29, 2014.** Upon the Court's determination that Class Counsel has resolved the identified conflict, the Court will terminate Defendants' Motion to Disqualify Counsel (Doc. 226).

**ORDER ENTERED** at Augusta, Georgia this 23rd day of September, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA